UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEOPOLDO CARDENAS,

        Petitioner,

v.

PAT GLEBE,

        Respondent.

Case No. C08-5774RBL

REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Noted for February 20, 2009

    This case has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner in this case is an inmate at the Airway Heights Corrections Center. Petitioner has filed an application to proceed *in forma pauperis*, (Dkt. # 1), but he has since paid the $5.00 filing fee (Dkt. # 3). Accordingly, the Court should deny the application.

## DISCUSSION

    The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

    Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See* Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v.

Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

By requesting the court to proceed *in forma pauperis* in the present case, petitioner is asking the government to incur the filing fee because he is allegedly unable to afford the costs necessary to proceed with his petition for habeas corpus. Given the minimal fees required to proceed with this action ($5.00 filing fee) and the fact petitioner has paid the fee, it is not unreasonable to deny petitioner's application for *in forma pauperis* status.

## CONCLUSION

Because petitioner has already paid the required filing fee, the undersigned recommends that the Court deny his application for *in forma pauperis* status. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 20, 2009**, as noted in the caption.

DATED this 28th day of January, 2009.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge